Dear Senator Bradshaw:
This letter is in response to your question asking:
 Under sections 550.040, RSMo 1978, and 552.080, RSMo Supp. 1980, are counties potentially liable for the costs of mental examination and treatment of criminal defendants who are acquitted.
Section 550.040, RSMo, provides:
 In all capital cases, and those in which imprisonment in the penitentiary is the sole punishment for the offense, if the defendant is acquitted, the costs shall be paid by the state; and in all other trials on indictments or information, if the defendant is acquitted, the costs shall be paid by the county in which the indictment was found or information filed, except when the prosecutor shall be adjudged to pay them or it shall be otherwise provided by law.
Section 552.080, RSMo Supp. 1980, provides in pertinent part:
 1. Notwithstanding any other provisions of law, the court in which the proceedings are pending shall, upon application and approval, order the payment of or tax as costs the following expenses and fees, which in each case shall be reasonable, and so found by the court:
 (1) Expenses and fees for examinations, reports and expert testimony of private psychiatrists who are neither employees nor contractors of the department of mental health for purposes of performing such services and who are appointed by the court to examine the accused under sections 552.020 and 552.030;
 (2) The expenses of conveying any prisoner from a jail to a facility of the department of mental health and the expense of returning him to a jail under the provisions of section [sic] 552.020, 552.030, 552.040 or 552.050.
 Such expenses and fees shall be paid, no matter how taxed as costs or collected, by the state, county or defendant, when liable for such costs under the provisions of chapter 550, RSMo. Such order may be made at any time before or after the final disposition of the case and whether or not the accused is convicted or sentenced to the custody of the division of corrections or county jail, as the case may be, or placed upon probation or granted parole.
 2. The expenses and fees provided in subsection 1 of this section may be levied and collected under execution, except that, if the state or county has by inadvertence or mistake paid expenses or fees as provided in subsection 1 of this section, the political entity having made such a mistake or inadvertent payment shall be entitled to recover the same from the entity responsible for such payment.
The above-quoted provisions of § 552.080 are the only provisions of that section which place any responsibility upon the counties which are liable for costs under § 550.040 for the payment of costs in criminal cases involving mental disease or defect.
Therefore, counties might be responsible for the payment of expenses and fees for examinations, reports, and expert testimony of private psychiatrists under subdivision (1) of subsection 1, § 552.080, and for the expenses of conveying a prisoner under subdivision (2) of subsection 1, § 552.080. However, § 552.080 does not purport to make the counties responsible for expenses or fees for examinations, reports, or expert testimony of physicians who are employees or contractors of the department of mental health and does not create any liability on the counties for the treatment of criminal defendants who are acquitted by reason of mental disease or defect. Further, we know of no provisions which would create such liability.
Under § 550.040, RSMo, counties would only pay the costs in those cases where defendants are acquitted which are not capital cases or cases in which imprisonment in the penitentiary is not the sole punishment for the offense. Thus, the state would be paying for expenses and fees for examinations, reports, and expert testimony of private psychiatrists under subdivision (1) of subsection 1, § 552.080, and for the expenses of conveying a prisoner under subdivision (2) of subsection 1, § 552.080, if the persons acquitted were charged with a capital offense or an offense in which imprisonment in the penitentiary was the sole punishment.
Very truly yours,
 JOHN ASHCROFT Attorney General